AYRES, Judge.
In this matter which was heretofore before us (184 So.2d 595), defendant, its agents, and employees were enjoined from obstructing, closing, or blocking the passageway lying between plaintiffs’ and defendant’s properties in such a manner as to impede, hinder, or inconvenience its use for the passage of vehicles requiring vertical clearance to a height based upon the reasonable necessity, requirements, and convenience of plaintiffs in excess of 8' 6".
A statement of the facts is contained in our original opinion and need not be repeated here. In an application for rehearing, defendant pointed out the necessity of the establishment of a definite height for vertical clearance in the passageway. *55 A remand of the cause was ordered for that purpose. Upon remand evidence was introduced with reference to the height of the vehicles which would customarily use the passageway if sufficient vertical clearance existed below defendant’s overhanging second story. The testimony disclosed that, though the height of these vehicles generally ranged from 8' 7" to 10' 6", there were others of the motor-freight-transport type with heights of IF 3" and IF IOI/2".
In a determination by the trial court that a reasonable clearance would be 12' 6", an allowance was obviously made for the purpose of providing a margin of safety. We find no basis for disagreement with this conclusion.
Accordingly, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.